ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Exceed Resources, Inc. | ) ASBCA No. 61652 |
| | ) |
| Under Contract No. NNJ15RA22B | ) |

APPEARANCE FOR THE APPELLANT:         Mr. Celsius Rebello
                                        Director Government Services

APPEARANCES FOR THE GOVERNMENT:       Scott W. Barber, Esq.
                                        NASA Chief Trial Attorney
                                      Warnecke Miller, Esq.
                                      Vincent A. Salgado, Esq.
                                        Trial Attorneys
                                        NASA Headquarters
                                        Washington, DC

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL

Appellant, Exceed Resources, Inc. (Exceed), has filed a motion for reconsideration of the Board's June 11, 2020, opinion granting the National Aeronautics and Space Administration (NASA) partial summary judgment. The Board denies the motion.

DECISION

"Motions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (citations omitted). But if we made mistakes in our findings of fact or conclusions of law, or by failing to consider an appropriate matter, reconsideration may be appropriate. *Ford Lumber & Bldg. Supply, Inc.*, ASBCA No. 61618, 20-1 BCA ¶ 37,487 at 182,088.

Exceed raises a variety of arguments in its motion. We address them briefly.

In the Board's decision, we discussed Exceed's contention that the contracting officer created different versions of the contract that were of various lengths. *Exceed Resources, Inc.*, ASBCA No. 61652, 20-1 BCA ¶ 37,634 at 182,719-21. In its motion for reconsideration, Exceed places a great deal of emphasis on two points: 1) the

contracting officer "forged" Exceed's signature on the contracts (app. mot. at 3); and 2) that there is a dispute as to the type of contract formed by the parties. Neither of these allegations meets the standards for reconsideration of our earlier decision. As to the former: this allegation brings to mind some questions, chief among them: why would any contractor begin work on a contract if its signature had been forged? Government officials are presumed to act in good faith and an allegation that the contracting officer forged appellant's signature on the contract but it began work anyway is so inherently implausible that it does not merit a hearing. *Exceed Resources, Inc*., 20-1 BCA ¶ 37,634 at 182,722; *Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1238-39, 1241-43 (Fed. Cir. 2002).

With respect to the type of contract formed, Exceed contends, among other things, that NASA "was using a Task Order and masquerading it as an IDIQ [indefinite delivery, indefinite quantity] contract . . ."[1] but also contends later in its brief that the contract was a definite quantity contract (app. mot. at 9, 23). While Exceed discusses contract formation issues at some length (app. mot. at 8-29), it has lost sight of our ruling. As we explained, entitlement to anticipatory profits is quite difficult to prove. Under the specific facts of this appeal, where Exceed proposed the no cost termination[2] and then signed a release of claims with no exception for anticipatory profits, there is simply no issue that warrants an evidentiary hearing. *Exceed Resources, Inc.*, 20-1 BCA ¶ 37,634 at 182,719-20. This analysis does not change if the specific contract terminated was a task order, an IDIQ contract, or a definite quantity contract.

Exceed spends much of the remainder of its brief on the contracting officer's insertion of $800,000 in the "Total Award Amount" box in the contract as awarded. *Exceed Resources, Inc.*, 20-1 BCA ¶ 37,634 at 182,719. Again, this allegation does not present a basis for reconsideration. Exceed admits, as it must, that this amount is above the $750,000 minimum contract amount (app. mot. at 28). As discussed in our opinion (20-1 BCA ¶ 37,634 at 182,720-22), Exceed tried to avoid the effect of the signed release by raising economic duress. It contended that the contracting officer had essentially tricked Exceed into performing all of the contract work for just $800,000, which would have caused it to incur a loss of over $45 million, forcing it to

---

[1] An IDIQ contract is a contract for an indefinite quantity, within stated limits, of supplies or services during a fixed period, upon which the government places task or delivery orders for individual requirements. FAR 16.504(a). The contract at issue identified itself as an IDIQ contract with a phase in period from June 18 to July 31, 2015, and provided for the issuance of task orders starting on August 2, 2015 (R4, tab 1 at 6, 227).

[2] Exceed admits at page nine of its motion that it proposed the termination but brushes this off as "moot."

2

"involuntarily accept the termination"[3] (app. opp'n to gov't mot. for part. sum. judg. at 26-29). The board rejected this contention because the limitation of funds clause prevents contractors from being required to work beyond the amount of funding. *Exceed Resources, Inc.*, 20-1 BCA ¶ 37,634 at 182,721-22.

Exceed abandons this argument in its motion and tries a different tack. It now contends that because the limitation of funds clause provided for $800,000 in funding through August 29, 2015 (R4, tab 1 at 30), the contracting officer reduced the post phase-in work from 58 months, to just 29 days. It contends it would have had to hire 130 workers, have them work for 29 days, and then "fire them." (App. mot. at 8, 40) This would have been less duress-like than the $45 million alleged loss of its original argument and, in any event, it is simply contrary to the record before us. The contract expiration date remained at all times May 31, 2020 (R4, tab 1 at 5, 227). When NASA provided incremental funding to the contract through August 29, 2015, this had no effect on the contract term.

## CONCLUSION

Exceed's motion for reconsideration is denied.

Dated: November 2, 2020

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[3] As the Board observed in the opinion, the contracting officer explained to Exceed on June 22, 2015, that the $800,000 was just for phase in and the first month of work. *Exceed Resources, Inc.*, 20-1 BCA ¶ 37,634 at 182,721 (citing R4, tab 2 at 313). Further review of the record indicates that NASA also told Exceed at a post-award conference on June 16, 2015, that the contract would be incrementally funded (R4, tab 4 at 984, 1000).

I concur

 

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

 

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61652, Appeal of Exceed Resources, Inc., rendered in conformance with the Board's Charter.

Dated: November 2, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4